# **A2**

## STATE OF MICHIGAN

### IN THE 20th CIRCUIT COURT FOR OTTAWA COUNTY
414 Washington Street, Grand-Haven, MI 49417; (616) 846-8310; Fax (616) 846-8179

LIDOCHEM, INC., a New Jersey corporation,
FRANK DEAN, Individually,

     Plaintiffs,

v

Case No.: 09-*01054* -*CK*
HON. *Calvin L. Bosman*

STOLLER ENTERPRISES INC., a Texas
corporation, JERRY STOLLER, MICHAEL WRIGHT,
MCKENZIE WRIGHT LABORATORIES, LLC,
a foreign limited liability company, and
DAVID ALEXANDER,

     Defendants.

William D. Howard (P36886)
Jean M. Treece (P58742)
HOWARD, P.C.
Attorneys for Plaintiffs
25 Ionia Ave. SW, Suite 230
Grand Rapids, MI 49503
(616) 235-6000; Fax (616) 235-6061

## COMPLAINT

A CIVIL ACTION BETWEEN THESE PARTIES OR OTHER PARTIES ARISING
OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE
COMPLAINT HAS BEEN PREVIOUSLY FILED IN THE 20TH CIRCUIT COURT.
THE ACTION IS NO LONGER PENDING. THE DOCKET NUMBER AND THE
JUDGE ASSIGNED TO THE ACTION WERE: 04-50223-CK, CALVIN L. BOSMAN.

Plaintiffs, Lidochem, Inc. and Francis Dean, by and through their attorneys, HOWARD,

P.C., hereby state as their Complaint against Defendants, Stoller Enterprises, Inc., Jerry Stoller,

David Alexander, Michael Wright, and McKenzie Wright Laboratories, LLC, as follows:

### JURISDICTION AND VENUE

1.    Plaintiff LidoChem, Inc. is a New Jersey corporation, which sold agricultural

products, namely, NutreFol, doing business in Ottawa County, Michigan.

2.    Plaintiff Francis Dean is an individual residing in Harris County, Texas, and doing business in Ottawa County, Michigan.

3.    Defendant Stoller Enterprises, Inc. is a Texas corporation, engaged in the development and sale of agricultural products, doing business in Ottawa County, Michigan.

4.    Defendant Jerry Stoller, is an individual residing in Harris County, State of Texas. As the CEO of Defendant Stoller Enterprises, Inc., he engaged in a pattern of unfair competition in Ottawa County, Michigan against his competitor, Plaintiff LidoChem, Inc.

5.    Defendant, David Alexander, is an individual residing in Allegan County, State of Michigan. As a sales representative for Defendant Stoller Enterprises, Inc., he engaged in selling agricultural products in Ottawa County, Michigan.

6.    Defendant McKenzie Wright Laboratories, LLC, is a foreign LLC, doing business in Ottawa County, Michigan.

7.    Defendant McKenzie Wright Laboratories, LLC, a testing laboratory located in Bryan, Texas, was retained by Defendants Jerry Stoller and Stoller Enterprises, Inc., to test a sample of Plaintiff LidoChem, Inc.'s NutreFol product which was provided to Defendants Jerry Stoller and Defendant Stoller Enterprises, Inc. on behalf of Boersen Farms, Inc., a Michigan corporation located in Ottawa County, Michigan.

8.    Defendant McKenzie Wright Laboratories, LLC acting in conjunction with Defendant Jerry Stoller and Defendant Stoller Enterprises, Inc. submitted false or inaccurate laboratory reports regarding the presence of a harmful substance in a LidoChem, Inc. product used on Boersen Farms, Inc.'s soybean crop in Ottawa County, Michigan, at the direction of Defendant Jerry Stoller.

9.    Defendant Michael Wright, the president of McKenzie Wright Laboratories, LLC, submitted laboratory reports regarding Plaintiff LidoChem's product NutreFol, finding a "poison", namely Phenylbutyric Acid (hereinafter referred to as "2-PBA"), in the product. These

- 2 -

laboratory reports were sent through interstate commerce via the mail to Boersen Farms, Inc.'s attorney in Ottawa County, Michigan.

10.    The events giving rise to this action took place in Ottawa County, Michigan.

11.    The amount in controversy is in excess of $25,000.

## FACTS

12.    At all times relevant to this complaint, Defendants Stoller Enterprises, Inc., Jerry Stoller, and David Alexander were competitors of Plaintiff LidoChem, Inc.

13.    At all times relevant to this complaint, Defendant Jerry Stoller was an officer and agent of Defendant Stoller Enterprises, Inc. acting within the scope of his employment.

14.    At all times relevant hereto, Defendant David Alexander was a sales representative and agent of Defendant Stoller Enterprises, Inc., acting within the scope of his employment.

15.    At all times relevant hereto, Defendant Stoller Enterprises, Inc. was responsible for the actions of its agents, Defendant Stoller and Defendant Alexander based on the Doctrine of Respondeat Superior.

16.    Prior to June of 1999, Plaintiff Francis Dean resigned from Defendant Stoller Enterprises Inc.

17.    Plaintiff Francis Dean resigned from Stoller Enterprises, Inc. after Defendant Jerry Stoller spread false, unprivileged defamatory statements about Francis Dean accusing him of using illegal drugs.

18.    Plaintiff Francis Dean arranged a drug screen to clear his name among his colleagues and promptly resigned from Stoller Enterprises, Inc.

19.    Defendant Stoller knew or should have known these allegations were false.

20.    Defendant Stoller knew or should have known these allegations would harm Plaintiff Francis Dean in any quest for future employment.

21. After resigning from Defendant Stoller Enterprises, Inc., Plaintiff Francis Dean subsequently accepted employment with Plaintiff LidoChem, Inc. on or about June 14, 1999.

22. After hiring Plaintiff Francis Dean, on or about June 14, 1999, Plaintiff LidoChem attempted to introduce a line of finished agricultural products, including NutreFol fertilizer, into the Midwest including the State of Michigan.

23. Defendants Stoller Enterprises, Inc., through its agents, Defendants Jerry Stoller, and David Alexander, engaged in a widespread pattern of unfair competition against LidoChem, Inc.

24. Beginning in 2001, Defendant Jerry Stoller began using the telephone to disseminate false information through interstate commerce from Texas to LidoChem, Inc.'s clients and potential clients, including potential clients in the state of Michigan, to make false allegations against LidoChem, Inc., LidoChem, Inc.'s products, and its employee, Francis Dean.

25. Beginning in 2001, Defendants Jerry Stoller and David Alexander began making visits to LidoChem, Inc.'s customers with the purpose of spreading false and malicious rumors about Francis Dean and LidoChem, Inc.'s products.

26. Beginning in 2001, Defendants Jerry Stoller and David Alexander used the mail to disseminate false information through interstate commerce from Texas to existing and potential LidoChem customers, including potential customers in the state of Michigan. Upon information and belief, these letters contained false, unprivileged defamatory and disparaging statements regarding Plaintiff Francis Dean's and LidoChem, Inc.'s products.

27. Upon information and belief, Defendants Jerry Stoller and David Alexander routinely asked LidoChem, Inc.'s customers whether they were experiencing any problems with LidoChem Inc.'s products and then falsely informed them that Francis Dean put "poison" into LidoChem's products which would ruin their crops.

28. Defendants Stoller and Alexander knew or should have known that the unprivileged, defamatory statements were false when made.

29. Defendants Stoller and Alexander knew or should have known that the defamatory statements would harm the plaintiffs and result in a loss of customers and sales.

30. Defendants Stoller, Stoller Enterprises, Inc., and Alexander timed this campaign of lies to coincide with Plaintiff LidoChem, Inc.'s efforts to introduce its new, finished agricultural product line, including Nutrefol, into Michigan and the Midwest.

31. In the spring of 2001, Boersen Farms, Inc. switched from using agricultural products manufactured by Defendant Stoller Enterprises, Inc. to agricultural products designed by LidoChem, Inc. and formulated for LidoChem, Inc. by *The Andersons, Inc.*

32. *The Andersons, Inc.* actually mixed the chemicals and prepared the finished product from formulas developed by LidoChem, Inc.

33. In June of 2001, Boersen Farms, Inc. became concerned over the appearance of some of their soybean fields.

34. On July 21, 2001, Defendant Jerry Stoller visited the Boersen Farms in Zeeland, Michigan to observe their soybean crop.

35. On July 21, 2001, Defendant Jerry Stoller requested and received a sample of LidoChem, Inc.'s product, Nutrefol which had been applied to Boersen Farms, Inc.'s soybean crop.

36. Defendant Jerry Stoller offered to have the sample of Nutrefol tested for Boersen Farms, Inc.

37. The first laboratory contacted by Defendant Jerry Stoller found nothing harmful in the sample of Nutrefol from the Boersen Farm.

38. Defendant Jerry Stoller then instructed one of his employees at Defendant Stoller Enterprises, Inc. to find another laboratory to test the sample.

39. Defendants Stoller and Stoller Enterprises, Inc. had utilized Defendant McKenzie Wright Laboratories on a previous occasion to test its own products after the laboratory they had been

using detected the presence of "thiourea", a known carcinogen, in Defendant Stoller Enterprises, Inc.'s test fields.

40.     Although the first laboratory in the Houston, Texas area had found a substantial amount of "thiourea" in Defendant Stoller Enterprises, Inc.'s sample from its own test fields, McKenzie Wright Laboratories produced a report finding only minimal to no amounts of "thiourea" in Defendant Stoller Enterprises, Inc.'s test fields.

41.     On or about June 3, 2002, Defendant Michael Wright, an agent of Defendant McKenzie Wright Laboratories, LLC, acting upon instructions from Defendant Stoller, issued a false laboratory report indicating that the sample of Nutrefol from the Boersen Farm contained 2-PBA and phosphate.

42.     In a letter dated August 15, 2003, from Defendant Jerry Stoller to Boersen Farms, Inc.'s attorney Jeffrey Buckman, Defendant Jerry Stoller requested a payment of $20,000, following any positive decision in a lawsuit by Boersen Farms, Inc. against Plaintiff LidoChem, Inc. as payment for his testimony, identification and chemical analysis of the Nutrefol sample taken from Boersen Farms, Inc. on which the case he helped manufacture was built.

43.     In a letter dated August 15, 2003, Defendant Stoller wrote, "Since damage occurred to the plant, after observing plants, it appeared to me that these products contained 2-PBA. As Frank Dean's patent states this is an Auxin inhibitor. In order to fully appreciate the effect that a 2-PBA has upon a plant, one would need to be an expert in the function of hormones that are internally produced by the plant under normal course of growth."

44.     Defendant Stoller knew or should have known these statements were false and would harm Plaintiffs.

45.     On September 8, 2004, Boersen Farms, Inc. acting upon information supplied by Defendants filed a complaint against LidoChem Inc. in the Circuit Court of Ottawa County, Michigan, i.e. *Boersen Farms, Inc. v Lidochem, Inc., et al*, case number 04-50223-CK

46.    The complaint alleged that Plaintiff LidoChem had committed fraud by misrepresenting the ingredients of its product NutreFol resulting in a breach of express warranties and the implied warranty of merchantability

47.    After Defendant Stoller's February 17, 2006 deposition was taken in *Boersen Farms, Inc. v Lidochem, Inc., et al*, case number 04-50223-CK, Plaintiff Francis Dean discovered that Defendant Stoller had held a secret meeting with several employees of Stoller Enterprises, Inc. and Defendant Michael Wright prior to the time that Defendant MacKenzie/Wright Laboratories, LLC, tested the sample from Boersen Farms, Inc.

48.    At that meeting, Defendant Jerry Stoller told Defendant Michael Wright that he knew NutreFol contained "2-PBA" and that Plaintiff Francis Dean would attempt to mask the presence of 2-PBA in a long chain of fatty acids. Defendant Stoller instructed Defendant Michael Wright to look for 2-PBAin the sample of Nutrefol taken from Boersen Farms, Inc.

49.    Defendant Jerry Stoller requested Defendant McKenzie Wright Laboratories, LLC to test for 2-PBA, because Defendant Stoller believed it "was an IAA inhibitor", which may have damaged Boersen Farms, Inc.'s soybean crop.

50.    After the sample of Nutrefol was delivered by Defendants' employee to McKenzie Wright Laboratories, McKenzie Wright Laboratories, LLC produced a Laboratory report as requested by Defendant Jerry Stoller which stated that the substance 2-PBA was present in the Nutrefol product.

51.    2-PBA is not a chemical compound used in any agricultural product.

52.    2-PBA is a chemical sometimes found in human urine when a larger chemical has been metabolized.

53.    Other laboratories which tested samples of Nutrefol produced for LidoChem by *The Andersons* could not find any traces of 2-PBA.

-7-

54.     Defendant McKenzie Wright Laboratories, LLC used the mail to disseminate the false laboratory report through interstate commerce to Defendant Stoller Enterprises, Inc. in Texas and ultimately to Boersen Farms, Inc.s' attorney in Ottawa County, Michigan.

55.     Defendant Jerry Stoller used the mails to disseminate the false laboratory report through interstate commerce from Texas to Boersen Farms, Inc.'s attorney, Jeffrey Buckman, in Ottawa County, Michigan.

56.     During his February 17, 2006 deposition in *Boersen Farms, Inc. v Lidochem, Inc., et al,* case number 04-50223-CK, Defendant Stoller testified that he would charge $300 per hour for his services if Boersen Farms, Inc. did not prevail, sufficiently covering all his bases.

57.     Defendant Stoller admitted during his deposition on February 17, 2006, that he was not a chemist and could not hold himself out as an expert in chemistry.

58.     During his deposition on February 17, 2006, Defendant Stoller falsely testified that while employed by Stoller Enterprises, Inc., Francis Dean "tinkered" with the Fulozyme concentrate that went to Michigan.

59.     At the time Defendant Stoller made this allegation, he knew or should have known it was false.

60.     At the time defendant Stoller made this allegation, he knew or should have known it would harm the reputation of Plaintiffs Francis Dean and LidoChem, Inc.

61.     In his deposition, Defendant Stoller repeated his allegations that LidoChem's product Nutrefol had damaged Boersen Farm, Inc.'s soybean crop.

62.     Defendant Stoller knew or should have known that the statement was false and would harm Plaintiff Francis Dean and Plaintiff LidoChem, Inc.

63.     During his deposition, Defendant Stoller admitted that 2-PBA was not present in Francis Dean's patent for Nutrefol.

- 8 -

64. The presence of this 2-PBA was not identified in the ingredients label for Nutrefol or on the MSDS sheet.

65. The formula for Nutrefol which is and was developed by Plaintiff LidoChem, Inc. but actually mixed by *The Andersons*, does not contain 2-PBA.

66. Defendant McKenzie Wright Laboratories, LLC discarded the samples of NutreFol from Boersen Farms without notifying any of the interested parties; spoliation of evidence.

67. Defendant Michael Wright gave a deposition for Boersen Farms Inc.'s lawsuit which was filed in Ottawa County, Michigan.

68. During his deposition on August 28, 2006, Defendant Michael Wright testified that he did not find phosphate in the Nutrefol sample under natural circumstances.

69. Defendants Michael Wright and McKenzie Wright Laboratories, LLC failed to follow appropriate protocols and EPA requirements when testing the Nutrefol sample from Boersen Farms.

70. During his deposition, Defendant Michael Wright claimed that he could not provide an explanation of certain findings relevant to the sample of Nutrefol collected from Boersen Farms because a computer failure had erased everything prior to 2003.

71. At the Deposition of Defendant Michael Wright, Plaintiffs Francis Dean and LidoChem, Inc. realized that the laboratory report conducted on the sample of Nutrefol was false, fraudulent, and misleading.

72. Upon information and belief, Defendants Stoller, Stoller Enterprises and David Alexander have continued to defame Francis Dean and disparage LidoChem, Inc.'s products.

73. During the summer of 2008, Defendant David Alexander approached an employee of LidoChem, Inc. and offered employment with Defendant Stoller Enterprises, Inc.

-9-

74.    As an inducement to leave LidoChem, Inc. and accept employment with Defendant Stoller Enterprises, Inc., Defendant David Alexander promised that he would reveal the entire story about Francis Dean's alleged wrongdoing.

75.    Defendant David Alexander knew or should have known these statements were false and would harm Plaintiff Francis Dean and Plaintiff LidoChem, Inc.

## COUNT I ~ TORTIOUS INTERFERENCE WITH A BUSINESS INTEREST AGAINST ALL DEFENDANTS

76.    Plaintiffs incorporate and reallege the allegations of paragraphs 1 through 75 as if fully set forth herein.

77.    At all times pertinent hereto, Defendant Stoller Enterprises was responsible for the actions of its agents Defendants Stoller and Alexander based on the Doctrine of Respondeat Superior.

78.    At all times pertinent hereto, Defendant McKenzie Wright Laboratories, LLC was responsible for the actions of its agent, Michael Wright based on the Doctrine of Respondeat Superior.

79.    At all times pertinent hereto, Plaintiff LidoChem, Inc. had an existing valid business relationship and expectation of continued business relationship with Boersen Farms Inc. and with those other customers contacted by Defendants Stoller and Alexander.

80.    Plaintiff Lidochem, Inc. had a reasonable expectation that their customers would continue to purchase Plaintiffs' products and that Plaintiff would develop and maintain business relationships with prospective customers in the future.

81.    Defendants knew of the business relationship between Plaintiff LidoChem, Inc. and Boersen Farms, Inc. and the other LidoChem, Inc. customers they contacted to defame Francis Dean and disparage Plaintiffs Francis Dean and LidoChem, Inc.

82. Defendants intentionally engaged in the foregoing non-privileged wrongful conduct which interfered with Plaintiff LidoChem, Inc.'s legitimate business relationship with its customers, in an effort to cause the customers to terminate their business relationship with Plaintiff LidoChem, Inc. or to dissuade them from purchasing LidoChem, Inc.'s products.

83. Defendants intentionally undertook this non-privileged wrongful conduct for the purpose of damaging the business, reputation and goodwill of Plaintiff Lidochem, Inc. and its products, inflicting an economic and competitive injury on Plaintiff Lidochem, Inc., decreasing the sales of Plaintiff Lidochem, Inc.'s products, and increasing the sales of Defendants' own products.

84. As a direct and proximate result of the Defendants' wrongful, non-privileged and tortious conduct, Plaintiff LidoChem, Inc. lost and continues to lose goodwill, past, present and future customers, a potentially valuable partnership, and has suffered the expenses of a defending a frivolous lawsuit filed by Plaintiff Boersen Farms, Inc..

85. Defendants undertook this wrongful and tortious conduct in bad faith, with malicious and wanton disregard, and in reckless indifference toward the rights of Plaintiffs, thereby entitling Plaintiffs to punitive or exemplary damages.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment against Defendants, jointly and severally, for exemplary damages, compensatory damages in an amount in excess of $25,000 that is sufficient to compensate Plaintiffs for their actual, consequential, and incidental losses, including lost profits, sustained as a result of Defendant's wrongful actions, plus interest, costs, and reasonable attorney fees.

## COUNT II ~ INJURIOUS FALSEHOOD CLAIM AGAINST ALL DEFENDANTS

86. Plaintiffs incorporate and reallege the allegations of paragraphs 1 through 85 as if fully set forth herein.

87. Defendants Stoller Enterprises, Inc., Jerry Stoller, and David Alexander uttered and published false and unprivileged statements to Boersen Farms, Inc. and other customers of LidoChem, Inc. when they knew or should have known they were false.

88. Defendants Michael Wright and McKenzie Wright Laboratories, LLC published a false and unprivileged laboratory report which they knew or should have known was false.

89. Defendants knew or should have known these false publications would result in pecuniary loss or harm to interests of the Plaintiff Lidochem, Inc.

90. Defendant Jerry Stoller gave false testimony during his deposition which he knew or should have known was false.

91. Defendant Stoller knew or should have known his testimony would harm Plaintiff Lidochem, Inc.

92. Defendant Michael Wright gave false testimony during his deposition which he knew or should have known was false.

93. Defendant Michael Wright knew or should have known his testimony would harm Plaintiff Lidochem, Inc.

94. Plaintiff Lidochem, Inc. has suffered pecuniary loss consisting of loss of customers, good will, prospective sales, a prospective partnership, and the expenses of a lawsuit due to Defendants' actions.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment against Defendants, jointly and severally, as follows:

1. compensatory damages in an amount that is in excess of $25,000 and that is sufficient to compensate Plaintiff for its actual, consequential, and incidental losses sustained as a result of Defendant's wrongful actions

2. exemplary damages in an amount in excess of $25,000 resulting from Defendant's intentional and malicious actions

3. interest, costs, and reasonable attorney fees

## COUNT IIV ~ SECTION 43(a) OF THE LANHAM ACT BY PLAINTIFF LIDOCHEM, INC. AGAINST ALL DEFENDANTS

95.    Plaintiff incorporates and realleges the allegations of paragraphs 1 through 94 as if fully restated herein.

96.    In the utterance, dissemination and/or publication in the promotion and/or commercial advertising of their products in interstate commerce, Defendants caused or acquiesced in the aforesaid false, misleading and deceptive statements concerning Plaintiff Francis Dean and Plaintiff LidoChem Inc.'s products, which are sold in interstate commerce.

97.    The false and deceptive statements include, but are not limited to the following:

    a.    Publishing, disseminating, and communicating false and misleading statements and unfounded misrepresentations about Plaintiff Lidochem, Inc.'s employee Frank Dean, including statements that Mr. Dean put "poison" into LidoChem, Inc.'s products.

    b.    Publishing, disseminating, and communicating false and misleading statements and unfounded misrepresentations about the Plaintiff Lidochem, Inc.'s products including statements that Plaintiff Lidochem Inc.'s products contain poison and damage crops.

    c.    Publishing, disseminating and communicating false and misleading information about the contents of Plaintiff LidoChem, Inc.'s products.

    d.    Publishing, disseminating and communicating false and misleading reports about the contents of Plaintiff Lidochem, Inc.'s products.

    e.    Publishing, disseminating and communicating false and misleading reports that Plaintiff LidoChem, Inc.'s products damaged Boersen Farms, Inc.'s soybean crop.

98.    Such statements are and were false and misleading, constitute unfair competition, unfair and deceptive trade practices and tortiously interfered with the business relations that Plaintiff Lidochem, Inc.'s had with its customers.

99.    The aforesaid statements and acts actually deceived and had a tendency to deceive a substantial segment of the intended audience of potential and actual LidoChem, Inc. customers.

These false and misleading and disparaging statements influenced the purchasing decisions of actual and potential LidoChem, Inc. customers.

100.    Plaintiff LidoChem, Inc. has been injured as a direct and proximate result of Defendants' conduct. Plaintiff LidoChem, Inc. suffered a direct diversion of its sales from itself to Defendant Stoller Enterprises, Inc. as well as injury to the goodwill and reputation that it and its products enjoy with the buying public.

101.    The publication of these false and deceptive statements and the other acts and conduct of Defendants alleged above, constitute false and deceptive trade practices in violation of Section 43(a) of the Lanham Act, 15 USC Section 1125(a), which proximately caused harm and damage to Plaintiff Lidochem, Inc.'s business and products.

102.    As a result of Defendant's conduct, Plaintiff has suffered damages.

103.    Defendants deliberately, willfully and in bad faith committed the aforementioned violations of the Lanham Act. The aforesaid conduct of Defendants constitutes an exceptional case under 15 USC Section 1117(a), entitling Plaintiffs to recover enhanced damages and reasonable attorneys' fees incurred in this action.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment against Defendants as follows:

1.    An award of damages against Defendants, jointly and severally, for a sum of money equal to the amount of damages and/or losses Plaintiffs have sustained or will sustain;

2.    Judgment against Defendants, jointly and severally, for Plaintiff's attorney fees;

3.    For an order permanently enjoining and restraining Defendants and their partners, agents, corporate subsidiaries and affiliates, individually and jointly, from:

a.   Publishing, circulating, or causing the publication or circulation of statements that Plaintiffs put "poison" in their products, Plaintiff's products "ruin crops", statements defaming Francis Dean, or any statements equivalent to these, committing any acts constituting an unfair or predatory method of competition, and attempting to use false and defamatory statements to entice away Plaintiff's employees or potential customers.

b.   For an order requiring Defendants to retract all false and fraudulent statements made to existing or potential LidoChem customers.

c.   Under the provisions of the Lanham Act, 15 USC Section 112, et seq., for judgment against the Defendants, jointly and severally, for attorneys' fees, because this case constitutes an exceptional case and entitles Plaintiff to recover attorneys' fees and costs against Defendants, and

d.   Under the Lanham Act for an accounting of all profits of Defendants attributable to their wrongful conduct, unjust enrichment and/or unfair trade practices alleged herein and judgment awarding Plaintiffs all moneys wrongfully obtained by Defendants' unfair trade practices, false and deceptive trade practices, and unfair competition in violation of the Lanham Act; and

e.   For such other and further relief to which Plaintiff is entitled.

## COUNT IV ~ CIVIL CONSPIRACY AGAINST ALL DEFENDANTS

104.   Plaintiffs incorporate and reallege the allegations of paragraphs 1 through 103 as if fully restated herein.

105.   Defendants Jerry Stoller, David Alexander, Stoller Enterprises, Inc., Michael Wright and McKenzie Wright Laboratories, LLC, maliciously and wrongfully conspired with one another with the intent to publish a fraudulent, false, and misleading laboratory report that falsely reported the presence of harmful substances in the NutreFol sample collected from Boersen Farms, Inc.

106.   Upon information and belief, Defendants Jerry Stoller, Stoller Enterprises, Inc., Michael Wright and McKenzie Wright Laboratories, LLC, maliciously and wrongfully conspired with one another to tamper with the sample of NutreFol collected from Boersen Farms, Inc.

- 15 -

107.    Defendant Stoller Enterprises, Inc. through its agent Defendant Jerry Stoller, and Defendant McKenzie Wright Laboratories, LLC through its agent Defendant Michael Wright, maliciously and wrongfully conspired with one another with the intent to encourage Boersen Farms, Inc. to file a frivolous lawsuit against Plaintiff LidoChem, Inc.

108.    As a direct and proximate result of Defendants' conspiracy to defraud Boersen Farms and tortiously interfere with Plaintiff LidoChem, Inc.'s legitimate business interests, Plaintiff Lidochem suffered loss of profits, loss of goodwill, and the expense of defending a frivolous lawsuit.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment against Defendants as follows:

1.    An award of damages against Defendants, jointly and severally, for a sum of money equal to the amount of damages and/or losses Plaintiffs have sustained or will sustain;

2.    Judgment against Defendants, jointly and severally, for Plaintiff's attorney fees;

3.    For such other and further relief to which Plaintiff is entitled.

## COUNT V ~DEFAMATION CLAIM AGAINST DEFENDANTS STOLLER ENTERPRISES, INC. AND DAVID ALEXANDER

109.    Plaintiffs incorporate and reallege the allegations of paragraphs 1 through 108 as if fully set forth herein.

110.    Defendant David Alexander is an agent of Defendant Stoller Enterprises, Inc.

111.    Defendant Stoller Enterprises, Inc. is responsible for the actions of its agent, David Alexander based on the Doctrine of Respondeat Superior.

- 16 -

112. Defendant David Alexanders's statements about LidoChem's employee, Francis Dean, were false.

113. Defendant Alexander published the remarks to third parties with knowledge of the falsity of the statements or in reckless disregard of their truth or falsity.

114. The publication was not privileged.

115. As a direct result of Defendants' conduct, the publication of these remarks has resulted in damage to Plaintiffs Francis Dean's and LidoChem, Inc.'s reputation in the community and economic loss, including, but not limited to the following:

    a. Emotional distress

    b. Humiliation, mortification, and embarrassment.

    c. Other damages that may arise during the course of discovery and the course of this trial.

116. Defendant's accusations were defamation per se.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment against Defendants as follows:

1. Order Defendants to publish a retraction to the same persons and in the same manner as the defamatory statements were published.

2. Award Plaintiffs' compensatory damages equal to the amount of losses it has sustained and will sustain.

3. Award Plaintiffs' exemplary damages and other and further relief that the court may deem appropriate.

4. Award Plaintiffs' the costs and attorney fees incurred in connection with this action.

## COUNT VI ~ VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, 18 USC SECTION 1962(c) AGAINST ALL DEFENDANTS BY ALL PLAINTIFFS

117. Plaintiffs incorporate and reallege the allegations of paragraphs 1 through 116 as if fully set forth herein.

118.    Pursuant to 18 USC Section 1962(c) it is unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of an unlawful debt.

119.    Defendants are and were at all times mentioned herein "persons" as that term is defined in 18 USC Section 1961(3) and 1962(c).

120.    At all relevant times, some or all of the following individuals constituted an "enterprise" within the meaning of 18 USC Section 1961(4) and 1962(c), in that they were " a group of individuals "associated in fact": Stoller Enterprises, Inc., Jerry Stoller, David Alexander, Michael Wright, and McKenzie Wright Laboratories, LLC.

121.    At all times mentioned herein the racketeering enterprise, was engaged in, and its activities affected, interstate commerce and foreign commerce.

122.    Defendants are employed by or associated with the enterprise, and knowingly and willfully conducted and participated in the conduct of the enterprise's affairs, directly and indirectly, through a pattern of racketeering activity in violation of 18 USC Section 1962(c).

123.    Each of the Defendants derives income directly and indirectly, through their operation, management, association with or control of the enterprise.

124.    From at least January of 2001, the Defendants personally or through their agents, conducted, participated in, engaged in, or aided and abetted, the conduct of the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 USC Sections 1961(1),1961(5) and 1962 (c). ·The pattern of racketeering activity engaged in by Defendants involves at least two separate but related schemes, and consisted of:

    a.    From 2001 to the present time, inducing customers and potential customers, through false and malicious disparagement of Francis Dean and LidoChem, Inc.s' products and through other misrepresentations, to purchase Defendant Stoller Enterprises, Inc.'s products instead of Plaintiff LidoChem, Inc.'s products.

b.  Conspiring with Michael Wright and McKenzie Wright Laboratories, LLC to falsify laboratory reports to show the presence of harmful substances in Plaintiff LidoChem, Inc.'sproducts.

c.  Conspiring with McKenzie Wright Laboratories, LLC to produce false or misleading laboratory results denying or misrepresenting the presence of known carcinogens in Defendant Stoller Enterprises, Inc.'s test fields.

d.  Producing a false or misleading laboratory report showing the presence of an unauthorized substance in LidoChem, Inc.'s products.

e.  Making false representations to Boersen Farms, Inc. causing it to file a frivolous lawsuit against Plaintiff LidoChem, Inc.

f.  Giving false or misleading testimony during depositions in lawsuits aimed at defaming Francis Dean and disparaging LidoChem Inc.'s products.

g.  Contaminating product samples from LidoChem, Inc. and other competitors which were then sent for laboratory analysis.

h.  Conspiring with others to give false or misleading testimony during depositions in lawsuits aimed at defaming Francis Dean and disparaging LidoChem Inc.'s products.

i.  From 2001 and continuing to the present time, spreading false and misleading rumors that LidoChem, Inc.'s products are "poison" and "ruin crops" by telephone and through the mail constituting mail fraud (18 USC Section 1341) and wire fraud (18 USC Section 1343), all of which is "racketeering activity" as defined in 18 USC Section 1961 (1)(B).

125.  All of the predicate acts described above were related so as to establish a pattern of racketeering activity, within the meaning of 18 USC Section 1962(c), in that their common purpose was to tortiously interfere with the legitimate business expectations of their competitor, LidoChem, Inc. through a pattern of defamation, product disparagement, production of false reports, and the use of mail and wire to spread such false and misleading information.

126.  As a proximate result of the pattern of racketeering engaged in by Defendants, Plaintiffs Francis Dean and LidoChem, Inc. suffered damage to its business and property, including damage to its reputation and goodwill, as well as diverted customers and lost sales, and the expenses of a frivolous lawsuit, in an amount to be determined at trial.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment against Defendants as follows:

1.    An award of damages against Defendants, jointly and severally, for a sum of money equal to the amount of damages and/or losses Plaintiffs have sustained or will sustain;

2.    Treble damages pursuant to 18 USC 1964(c);

3.    Judgment against Defendants, jointly and severally, for Plaintiff's attorney fees;

## COUNT VII ~ VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, 18 USC SECTION 1962(d) AGAINST ALL DEFENDANTS

127.    Plaintiffs incorporate and reallege the allegations of paragraphs 1 through 126 as if fully set forth herein.

128.    Defendants Alexander, Stoller, and Stoller Enterprises, Inc. conspired with Defendants Michael Wright and McKenzie Wright Laboratories, LLC to conduct or participate, directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity (as described in paragraphs 26 through 140) in violation of 18 USC Section 1962(d).    In particular, Defendants Michael Wright and McKenzie Wright Laboratories, LLC intended to further an endeavor of Defendants Alexander, Stoller, and Stoller Enterprises, Inc, which if completed, would satisfy all of the elements of a substantive RICO violation and adopted the goal of furthering or facilitating the RICO violation.

129.    As a direct and proximate result of, and by reason of, the activities of Defendants and their conduct in violation of 18 USC Section 1962(d), Plaintiffs Francis Dean and LidoChem, Inc. have been injured in their business or property, within the meaning of 18 USC Section 1962(c).    Among other things, Plaintiffs have lost profits which would have been earned from existing and potential customers, suffered loss of goodwill, and sustained the cost of a frivolous lawsuit, including attorneys' and experts' fees.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment against Defendants as follows:

1. An award of damages against Defendants, jointly and severally, for a sum of money equal to the amount of damages and/or losses Plaintiffs have sustained or will sustain;

2. Treble damages pursuant to 18 USC 1964(c);

3. Judgment against Defendants, jointly and severally, for Plaintiff's attorney fees;

### COUNT VIII ~ EXEMPLARY DAMAGES AGAINST ALL DEFENDANTS

130. Plaintiffs incorporate and reallege the allegations of paragraphs 1 through 129 as if fully set forth herein.

131. Defendants' false representations and false testimony were made intentionally and maliciously.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment against Defendants, jointly and severally, awarding Plaintiffs exemplary damages in an amount to be proven at trail, but including a minimum of $25,000, plus costs, interest, and attorney fees.

Dated: 2/5/09

HOWARD, P.C.
Attorneys for Plaintiff LidoChem, Inc.

By: _____
William D. Howard (P36886)

### JURY DEMAND

Plaintiffs by and through their attorneys, hereby demand a jury trial pursuant to MCR 2.508.

Dated: 2/5/09

HOWARD, P.C.
Attorneys for Plaintiff LidoChem, Inc.

By: _____
William D. Howard (P36886)

- 21 -

## VERIFICATION

I, Francis Dean, have read and made this verified complaint and attest to those facts

stated of my own knowledge and are true and those matters stated of which I have been informed

I believe to be true after reasonable inquiry.

_____
Francis Dean

Subscribed and sworn to before me on February 5, 2009.

_____
, Notary Public

State of _Texas_ , County of _Harris_
My Commission Expires: _8 - 21 - 2009_